,IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VADIM LOPEZ REYES
& JOSE ESTRADA,

PLAINTIFFS,

VS.                                             CV NO.:

MI PUEBLO GREENSPRINGS,
LLC, MI-PUEBLO
SUPERMARKET LLC, AND MI-
PUEBLO SUPERMARKET #3,
LLC, & JOEL RIVERA,

DEFENDANTS.                        JURY TRIAL DEMANDED

COMPLAINT

I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b), and 217, and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

II. PARTIES

2. Plaintiff, Vadim Lopez Reyes, (hereinafter "Plaintiff") is a resident of Pelham, Shelby County, Alabama, and performed work for the Defendants in the counties composing the Northern District of Alabama during the events of this case.

Lopez-Reyes was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Plaintiff, Jose Guadalupe Estrada, (hereinafter "Plaintiff") is a resident of Maylene, Shelby County, Alabama, and performed work for the Defendants in the counties composing the Northern District of Alabama during the events of this case. Estrada was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant Mi Pueblo Greensprings, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

5. Defendant Mi-Pueblo Supermarket #3, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as

contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

6. Defendant Mi Pueblo Supermarket, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

7. Defendant Joel Rivera (hereinafter "Rivera"), is an individual, and, upon information and belief, is a resident of Helena, Shelby County, Alabama, as well as the owner of Mi-Pueblo Supermarket #3, LLC, the owner of Mi Pueblo Supermarket, LLC; and the owner of Mi Pueblo Greensprings, LLC; he supervised the day-to-day operations of Defendants including setting all pay practices and FLSA policies related to the day-to-day operations of the businesses, such that he is an employer as defined by the FLSA.

### III. STATEMENT OF FACTS

8. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-7 above.

**VADIM LOPEZ-REYES**

9. Defendants hired Lopez-Reyes on or about late September 2016.

10. Defendants employed Lopez-Reyes as a butcher.

11. Defendants assigned Lopez-Reyes to work at its Green Springs and Pelham grocery stores.

12. At all times during the employment relationship, Defendants classified Lopez-Reyes as a non-exempt employee.

13. During the three years preceding the filing of this Complaint, Lopez-Reyes typically worked over forty hours in a work week.

14. Defendants regularly scheduled Lopez-Reyes to work as follows:

| Day of the Week | Start Time | Stop Time | Hours Per Day (Less One Hour Lunch) |
|---|---|---|---|
| Saturday | 9:00 a.m. | 9:00 p.m. | 11 |
| Sunday | 7:00 a.m. | 5:00 p.m. | 9 |
| Monday | 7:00 a.m. | 5:00 p.m. | 9 |
| Tuesday | 7:00 a.m. | 5:00 p.m. | 9 |
| Wednesday | 7:00 a.m. | 5:00 p.m. | 9 |
| Thursday | Off | Off | |
| Friday | 7:00 a.m. | 5:00 p.m. | 9 |
| Total Hours per Week | | | 56 |

15. Defendants paid Lopez-Reyes in cash or check in the amount of $1,450.00 every two weeks.

16. Defendants did not render Lopez-Reyes additional compensation in any manner, including overtime premium pay of one and one-half Lopez-Reyes' regular hourly rate, for hours worked in excess of forty during the workweek.

17. Defendants maintained a time clock to record Lopez-Reyes' hours worked.

18. Defendants did not maintain a seven-day workweek for purposes of calculating overtime compensation or otherwise did not inform Lopez-Reyes when the seven-day workweek commenced or ended for purposes of calculating overtime compensation.

19. Lopez-Reyes did not supervise any employees as part of his job duties.

20. Lopez-Reyes did not have authority to hire employees for the benefit of Defendants.

21. Lopez-Reyes did not have authority to terminate the employment of other employees for the benefit of Defendants.

22. Lopez-Reyes' labor performed for the benefit of Defendants was entirely manual in nature and consisted of little or no administrative paperwork.

23. Defendants never issued Lopez-Reyes a W-2 for the 2016, 2017, or 2018 tax year.

24. Defendants never issued Lopez-Reyes a 1099 for the 2016, 2017, or 2018 tax year.

25. Defendants terminated Lopez-Reyes' employment on or about June 18, 2019.

## JOSE ESTRADA

26. Defendants hired Estrada during 2012.

27. Defendants initially employed Estrada as a deli worker.

28. Defendants' currently employ Estrada as a butcher.

29. Defendants employed Estrada at its Pelham grocery store.

30. At all times during the employment relationship, Defendants classified Estrada as a non-exempt employee.

31. During the three years preceding the filing of this Complaint, Estrada typically worked over forty hours in a work week.

32. Since June 2019 to the present, Defendants regularly scheduled Estrada to work as follows:

| Day of the Week | Start Time | Stop Time | Hours Per Day (Less One Hour Lunch) |
|---|---|---|---|
| Saturday | 12:00 p.m. | 9:00 p.m. | 8 |
| Sunday | 7:00 a.m. | 5:00 p.m. | 9 |
| Monday | 12:00 p.m. | 9:00 p.m. | 8 |
| Tuesday | 12:00 p.m. | 9:00 p.m. | 8 |
| Wednesday | Off | Off | |
| Thursday | 12:00 p.m. | 9:00 p.m. | 8 |
| Friday | 7:00 a.m. | 5:00 p.m. | 9 |
| Total Hours per Week | | | 50 |

33. Prior to June 2019, Defendants regularly scheduled Estrada to work 7:00 a.m. to 5:00 p.m. every day of the week except Wednesday.

34. Both before and after June 2019, Estrada often worked hours well in excess of his scheduled hours.

35. Defendants initially paid Estrada in cash or check in the amount of $550.00 every week.

36. Defendants increased Estrada's pay, but he is unsure of his gross pay per week due to Defendants' failure to provide paystubs.

37. Defendants did not render Estrada additional compensation in any manner, including overtime premium pay of one and one-half Estrada' regular hourly rate, for hours worked in excess of forty during the workweek.

38. Defendants maintained a time clock to record Estrada' hours worked.

39. Defendants did not maintain a seven-day workweek for purposes of calculating overtime compensation or otherwise did not inform Estrada when the seven-day workweek commenced or ended for purposes of calculating overtime compensation.

40. Estrada did not supervise any employees as part of his job duties.

41. Estrada did not have authority to hire employees for the benefit of Defendants.

42. Estrada did not have authority to terminate the employment of other employees for the benefit of Defendants.

43. Estrada's labor performed for the benefit of Defendants was entirely manual in nature and consisted of little or no administrative paperwork.

44. Defendants never issued Estrada a W-2 for the 2016, 2017, or 2018 tax year.

45. Defendants never issued Estrada a 1099 for the 2016, 2017, or 2018 tax year.

## IV. COUNT ONE – FLSA – Overtime Violations

46. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-45 above.

47. During the three years preceding the filing of this Complaint, Defendant Mi Pueblo Greensprings, LLC, was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

48. During the three years preceding the filing of this Complaint, Defendant Mi Pueblo Greensprings, LLC, has been a company wherein two or more employees, including the Plaintiffs, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

49. Defendant Mi Pueblo Greensprings, LLC's gross annual volume of revenue on a rolling quarterly basis exceeds $500,000.

50. During the three years preceding the filing of this Complaint, Defendant Mi-Pueblo Supermarket #3, LLC was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

51. During the three years preceding the filing of this Complaint, Defendant Mi-Pueblo Supermarket #3, LLC has been a company wherein two or more employees, including the Plaintiffs, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

52. Defendant Mi-Pueblo Supermarket #3, LLC's gross annual volume of revenue on a rolling quarterly basis exceeds $500,000.

53. During the three years preceding the filing of this Complaint, Defendant Mi-Pueblo Supermarket, LLC was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

54. During the three years preceding the filing of this Complaint, Defendant Mi-Pueblo Supermarket, LLC has been a company wherein two or more employees, including the Plaintiffs, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

55. Defendant Mi-Pueblo Supermarket, LLC's gross annual volume of revenue on a rolling quarterly basis exceeds $500,000.

56. Upon information and belief, Defendant Joel Rivera is the sole shareholder of Defendant Mi Pueblo Greensprings, LLC.

57. Upon information and belief, Defendant Joel Rivera is the sole shareholder of Defendant Mi-Pueblo Supermarket #3, LLC.

58. Upon information and belief, Defendant Joel Rivera is the sole shareholder of Defendant Mi-Pueblo Supermarket, LLC.

59. At all times relevant to this action, Defendant Joel Rivera was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d) and he set the pay practices and FLSA policies for all three corporate Defendants.

60. At all times relevant to this action, Defendants were jointly and/or separately an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

61. During the three years preceding the filing of this Complaint, Plaintiffs, and all others similarly situated butchers and deli workers were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

62. Plaintiffs and all similarly situated non-management employees employed by Defendants were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants. Plaintiffs' interstate commercial activity included, but was not limited to interacting with customers, cleaning the butcher shop, cutting and preparing meat for sale, including selling products that originated out of state or outside of the United States.

63. During the three years preceding the filing of this Complaint, Defendants recorded Plaintiffs' hours worked in excess of forty hours for a work week on at least one or more occasion.

64. Defendants failed to pay Plaintiffs the FLSA mandated overtime premium for all hours worked in excess of forty in a workweek.

65. As the result of Defendants' willful and intentional violation of the FLSA, Plaintiffs have been damaged, suffering loss of overtime pay.

## V. COUNT TWO - OPT-IN COLLECTIVE ACTION

66. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-65 above.

67. Plaintiffs bring this suit as an opt-in collective action pursuant to the FLSA 16(b).

68. Plaintiffs respective Opt-In Consent Form are attached as Exhibit A and Exhibit B.

69. For the three years preceding the filing of this complaint, Defendants employed approximately 200 people subjected to similar policy and practice violations of the FLSA as that of the Plaintiffs.

70. The potential class is comprised of any and all persons employed by Defendants at any time during the three (3) years preceding the filing of this Complaint that were paid a salary and misclassified as exempt employees.

71. Upon information and belief, the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

72. Upon information and belief, the claims of the representative Plaintiffs, are typical of claims of the class. Defendants subjected Plaintiffs and other members of the class to the same unlawful employment practices concerning failure to pay overtime premium and misclassification, and other violations of the Fair Labor Standards Act.

73. Upon information and belief, Plaintiffs will fairly and adequately protect the interests of the class in that both share common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

74. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, as the same practice of employing class members without paying them in accord with the FLSA was used by Defendants on all class members.

75. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount

of damages available to potential plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiffs the amount of their unpaid overtime pay, unpaid overtime premium, unpaid minimum wages (if any), liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. That Plaintiffs be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

**OF COUNSEL:**
ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
Mi Pueblo Greensprings, LLC
c/o Joel Rivera
3060 Pelham Parkway
Pelham, AL 35124

Mi-Pueblo Supermarket #3, LLC
c/o Joel Rivera
161 Shelby Spring Farm
Calera, AL 35040

Mi Pueblo Supermarket, LLC
c/o Joel Rivera
3010 Highway 31
Pelham, AL 35040