UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **VADIM LOPEZ REYES** <br> **& JOSE ESTRADA,** <br><br> **Plaintiffs,** <br> vs. <br><br> **MI PUEBLO GREENSPRINGS, LLC** <br> **et al,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION CASE NO: <br> ) <br> )        2:19-CV-01584-JHE <br> ) <br> ) <br> ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION

COMES NOW Mi Pueblo Greensprings, LLC, Mi Pueblo Supermarket, LLC, Mi Pueblo Supermarket #3, and Joel Rivera (as an individual), collectively the "Defendants", hereby provide the following response to Plaintiff's Motion for Conditional Class Certification, and hereby states the following:

1. The Plaintiff bears the burden of proving that the pre-requisites to class certification have been met by preponderance of the evidence. *See Messer v. Northshore Univ. Healthsystem, 669 F.3d 802, 811 (7th Cir. 2012).* The US Supreme Court recently clarified the issue of burden of proof issue in three decisions, first in Wal Mart Stores, Inc. v. Dukes, 564

U.S., 131 S. Ct. 2541 (2011), the Court held that Rule 23 does not set forth a mere pleading standard, instead a plaintiff must affirmatively demonstrate his compliance with the rule (rule 23), that is he must be prepared to prove that there are facts sufficiently numerous parties, common questions of law or fact, etc. *Id.* Next, in *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds, 568 U.S., 133 S. Ct. 1184 (2013),* the court held that there are limits to a court's analysis of the merits at the class certification stage. Finally, in *Comcast Corp. v. Behrend, 569 U.S., 133 S. Ct. 1426 (2013)*, the court reiterated that the pre-requisites to class certification require evidentiary proof and chided the court of appeals for "refusing to entertain arguments" at the class certification stage merely because they overlap the merits.

2. After the above decisions, it is now well settled law that when ruling on class certification the court must resolve any factual or alleged disputes that are material to its Rule 23 analysis and find that the plaintiff has met its burden of proof based on evidence, not speculation. *See Phillips v. Asset Acceptance, LLC, Case no. 13-2251, 2013 US App. LEXIS 23984, 8-10 (7th Cir.)*

3. Class Definition: The requirement of an adequate class definition includes several concepts, First, the class definition must be precise and

unambiguous, Second, it "must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of a proposed class, finally, it must not be defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's alleged misconduct.

4. Rule 23(a)(1) requires the Plaintiff to show that the class is <u>so numerous</u> that joinder of all members is impracticable". A finding of numerosity must be based on <u>direct or circumstantial evidence and not on speculation</u>, even if it is tempting to assume that here must be a large number of class members, See Marcus v, BMW of N. Am., LLC, 687 F. 3d at 595-97, (3rd Cir. 2012). Here, the Plaintiffs state in their Motion for Class Certification that "since the filing of the original complaint, three former employees of Defendants have opted into this action".  There is no evidence to indicate that any more than the two disgruntled Plaintiffs claiming overtime compensation from the Defendant have come forward to claim owed and past due overtime compensation. In fact, the Plaintiffs have been contacting former co-workers and employees, including those currently working at the Defendant's supermarket, and those current employees have in turn contacted management and informed them that the Plaintiffs have been attempting to persuade them into participating in

a shake down of the Defendants, in order for them to earn money from lawsuit proceeds. To date, only the two plaintiffs have stated claims, which the defendants will vigorously defend and discredit their unfounded allegations after the discovery phase of litigation.

5. Rule 23(a)(2) requires the Plaintiff to show that there are questions of law or fact common to the class, and that class members must depend upon a common contention. Here, there are allegations of Defendant's failure to pay overtime compensation, however, these are two plaintiffs that have conspired to make unjustly monetary claims to their employer after their employment no longer appealed to them, there are no identified other employees that have come forward to support their baseless allegations, only "word of mouth" communication among the Plaintiffs is claimed in their class certification brief.

6. Rule 23(a)(3) requires the Plaintiff to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class". Here there is no class to be part of, with the exception of two Plaintiffs that have made allegations of overtime due that are baseless and without merit. No evidence has been submitted that supports the numerosity in a class of plaintiffs.

7. Rule 23(a)(4) requires the Plaintiff to show that "the representative parties will fairly and adequately protect the interest of the class". Here there are no class of Plaintiffs to protect.

8. In conclusion, the Plaintiffs have not met their burden of proof for class certification in accordance to the FRCP Rule 23, the Plaintiff's claims are speculative and not in any way numerous.

Respectfully submitted this the 20th day of January, 2020.

/S/ Alberto Jesus Osorio
Law Offices of Albert J. Osorio, LLC
3453 Sierra Drive
Hoover, Alabama 35216
Office:  205-637-6188
Cell: 205-332-0506
Fax:  205-449-4311
Email: aosorio@osoriolaw.com

**CERTIFICATE OF SERVICE**

I Hereby certify that on January 20, 2020, I delivered a true copy of the foregoing response to all parties and attorneys of record via CM/ECF system and US Mail to:

Hon. Allen D. Arnold, Esq.
Five Points Law Group, LLC
2151 Highland Avenue South, Suite 205
Birmingham, AL 35205

/S/ Albert J. Osorio
Attorney for Defendants