FILED

2021 Jun-04  AM 08:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| VADIM LOPEZ-REYES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  2:19-cv-01584-JHE |
| | ) | |
| MI PUEBLO GREENSPRINGS, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION[1]

Plaintiffs Vadim Lopez-Reyes and Jose Estrada, as well as Opt-in Plaintiffs Walter Cifuentes Herrera, Joel Quinonez-Nunez, Salvador Quinones, and Ruperto Veliz Veliz (collectively "Plaintiffs"), along with Defendants Mi Pueblo Greensprings, LLC, Mi-Pueblo Supermarket LLC, Mi-Pueblo Supermarket #3, and Joel Rivera (collectively "Defendants"), jointly move for approval of their settlement agreement, which they assert represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").  (Doc. 55).  For the reasons set forth below, the court **APPROVES** the parties' settlement.[2]

### I. Background Facts

Plaintiffs Lopez-Reyes and Estrada initiated this action against Defendants, alleging that Defendants unlawfully failed to pay overtime wages for hours worked in excess of forty during multiple work weeks in violation of the FLSA. (Doc. 1).  Plaintiffs Lopez-Reyes and Estrada then

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (*See* doc. 14).

[2] The parties' agreement to settle their FLSA claims is wholly contained in document 55. (*See* doc. 55 at 7-16).

filed an Amended Complaint alleging that Defendants retaliated against Estrada for filing this action.  (Doc. 10).  Opt-in Plaintiff Herrera filed his consent to opt-in to this litigation on October 31, 2019. (Doc. 17-1).  Opt-in Plaintiffs Quinonez-Nunez and Quinones filed their consents to opt-in to this litigation on November 12, 2019.  (Doc. 18-1).  Opt-in Plaintiff Veliz-Veliz filed his consent to opt-in to this litigation on January 29, 2020.  (Doc. 26-1).

During the relevant statutory period, **Lopez-Reyes** contends he worked for Defendants during various work weeks ending September 25, 2016 through June 30, 2019, for which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty hours in a work week.  (Doc. 55 at ¶ 16).

During the relevant statutory period, **Estrada** contends he worked for Defendants during various work weeks ending on September 25, 2016 through September 30, 2019, for which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty hours in a work week. (*Id.* at ¶ 17).

During the relevant statutory period, **Herrera** contends he worked for Defendants during various work weeks ending on September 1, 2017 through April 8, 2018, for which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty hours in a work week.  (*Id.* at ¶ 18).  **Herrera** also worked weeks in which his regular rate of pay fell below the federal minimum wage, and this settlement purports to satisfy that shortfall.  (*Id.*).

During the relevant statutory period of November 12, 2016 through July 30, 2017, **Quinonez-Nunez** contends he worked for Defendants for various work weeks which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty hours in a work week.  (*Id.* at ¶ 19).

During the relevant statutory period of November 12, 2016 through March 26, 2017, **Quinones** contends he worked for the Defendants for various work weeks which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty hours in a work week.  (*Id.* at & 20).

During the relevant statutory period, **Veliz-Veliz** contends he worked for Defendants during various work weeks ending on February 25, 2018 through November 11, 2018, for which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty hours in a work week.  (*Id.* at ¶ 21).  **Veliz-Veliz** also contends he worked for the Defendants during various work weeks January 29, 2017 through February 24, 2018; however, Defendants dispute **Veliz-Veliz** worked for Defendants during this time period.  (*See id.*).

Defendants deny that they failed to pay overtime premiums, and they deny that they otherwise owe Plaintiffs any wages at all.  (Doc. 55 at ¶ 22).  Defendants contend they paid Plaintiffs a set, agreed-upon weekly amount for a set number of weekly hours, which included overtime premiums when the set number of hours exceeded forty in any given workweek.  (*Id.*).  Plaintiffs, Defendants contend, never worked in excess of the set number of weekly hours.  (*Id.*).  If they did, which is denied, Defendants contend they never reported these hours nor otherwise advised Defendants that they worked in excess of the set number of weekly hours.  (*Id.*).  When they did—when they advised Defendants that they exceeded the set number of weekly hours— Plaintiffs, Defendants contend, were properly compensated for those hours, including any overtime premium.  (*Id.*).  Finally, even if there was a violation or there are wages owed, Defendants contend that any such violation occurred in good faith and was not otherwise willful.  (*Id.*).  Before this lawsuit, Defendant, for example, had no knowledge of any alleged violation nor

had it otherwise been confronted with any such violation in an earlier lawsuit or government investigation.  (*Id.*).

In an effort to resolve the lawsuit, Defendants produced payroll records and time punch records to aid Plaintiffs' evaluation of their claims and Defendants' defenses.  (Doc. 55 at 10).  The Parties recognize that gathering additional records and testimonial evidence during the alleged liability period and determining whether Defendants failed to pay overtime premiums and operated in "good faith" would significantly increase litigation costs and potentially jeopardize the settlement amounts and delay payment of the settlements.  (*Id.*).  These disputes would likely remain unresolved, require summary judgment filings, and the court having to expend resources regarding liability and Defendants' contentions that it acted in good faith.  (*Id.*).

Using Defendants' records for **Lopez-Reye**, **Estrada**, **Herrera**, and **Veliz-Veliz**, Plaintiffs were able to calculate the total number of regular and overtime hours they claim to have worked for which Defendants did not pay the Plaintiffs the proper overtime premium compensation for hours worked in excess of forty in a work-week.  (Doc. 55 at 10).  Defendants were unable to locate and produce, in connection with the Parties' mediation, records for the **Quinonez-Nunez** and **Quinones**, and the amount recovered is based on their declarations submitted with Plaintiffs' Motion for Conditional Class Certification.  (*Id.* at 10-11).  Throughout settlement negotiations, the parties discussed the strengths and weaknesses of their respective positions. (*See id.* at 11).  Notably, the parties recognized the inherent risks with continued litigation. (*Id.*).  Plaintiffs believe that the amount each will receive pursuant to this settlement reflects a fair and reasonable compromise of unpaid overtime premium and/or overtime wages that each could expect to recover if he were to prevail on his individual FLSA claims at trial, including the recovery of liquidated damages. (*Id.*).  While still denying any liability at all, Defendants believe the amount Plaintiffs

will receive pursuant to this settlement reflects an amount well in excess of complete and total satisfaction for any unpaid overtime wages and liquidated damages they could expect to recover if they were to prevail on their FLSA claims at trial.  (*Id.*).

The Settlement Agreement provides for a Payroll check to each Plaintiff in the amount stated below for unpaid overtime premium and/or overtime wages (less applicable taxes and withholdings and Defendants being responsible for paying the amounts withheld to the appropriate agencies and responsible for paying its own share of any matching taxes) with Defendants to issue a W-2:

| | |
|---|---|
| Lopez-Reyes, Vadim | $ 10,000.00 |
| Estrada, Jose | $ 7,500.00 |
| Herrera, Walter (Cifuentes) | $ 1,156.02 |
| Quinonez-Nunez, Joel | $ 2,338.19 |
| Quinnones, Salvador | $ 1,339.24 |
| Veliz-Veliz, Ruperto | $ 4,500.00 |

The Settlement Agreement further provides for a lump sum check to each Plaintiff in the amount stated below for liquidated damages with Defendants to issue a 1099 (if necessary):

| | |
|---|---|
| Lopez-Reyes, Vadim | $ 10,000.00 |
| Estrada, Jose | $ 7,500.00 |
| Herrera, Walter (Cifuentes) | $ 1,156.02 |
| Quinonez-Nunez, Joel | $ 2,338.19 |
| Quinnones, Salvador | $ 1,339.24 |
| Veliz-Veliz, Ruperto | $ 4,500.00 |

(Doc. 55 at 13-14).

Plaintiffs understand and agree that each of them is responsible for the tax implications for the payments rendered to them as payment for liquidated damages. (Doc. 55 at 14).  Defendants will issue a check in the amount of **$40,000.00** to Allen D. Arnold, LLC, with Defendants to issue a 1099.  (*Id.*). Defendants shall pay the entire invoice amount owed by both Plaintiffs and Defendants for the mediation services provided by David Middlebrooks.  (*Id.*).  Defendants will render all payments described herein to Plaintiffs' counsel within **21 days** of the Court's approval of the above settlement and entry of a final order of dismissal with prejudice.  (*Id.*).  Upon such payment, Plaintiffs shall release Defendants from any and all known and unknown wage-and-hour compensation claims arising out of the facts and circumstances of this litigation, whether under local, state, or federal law, including but not limited to those claims and allegations included in this litigation. (*Id.* at 14-15). The parties represent that they have reached a reasonable and fair resolution of Plaintiffs' FLSA claims. (*Id.* at 15).  The parties represent that they engaged in good faith, arms' length negotiations in an effort to resolve the matter.  (*Id.*).  The record indicates that a bona fide dispute existed regarding Defendants' errors and omission to compensate Plaintiffs' minimum wage and overtime premium occurring in good faith.  (*Id.*). Plaintiffs and Defendants agree that Defendants entering into this Agreement is not intended to be and shall not be construed to be an admission of any liability in this or any other similar matters.  (*Id.*).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are

mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).  Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United Stat*es, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).  Having reviewed the Joint Motion for Settlement Approval and Incorporated Settlement Agreement (doc. 55) and the terms of the Settlement Agreement, the parties' dispute as to the merits of the case is legitimate and the settlement is fair and reasonable.

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness

7

of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)).  The parties aver that Plaintiffs' attorneys' fees were negotiated at arm's length and only after Plaintiffs and Defendants arrived at an agreement regarding the Plaintiffs' unpaid overtime premium wages.  (Doc. 55 at 11).  Defendants agree the sum of **$ 38,927.75** for attorneys' fees and **$ 1,072.25** for the reimbursement of the filing fee and postage is fair and reasonable.  (*See id.*).  With this in mind, and upon further review of the settlement agreement, the undersigned finds the attorneys' fees are reasonable.[3]

### III. Conclusion

The undersigned finds Plaintiffs' FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' motion for settlement approval, (doc. 55), is **GRANTED**, and the settlement is **APPROVED**.  A separate order will be entered.

DONE this 4th day of June, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs' counsel expended time drafting the complaint, prevailing on a motion for conditional class certification, studying Defendants' time and pay records, as well as time negotiating with Defendants, preparing an individualized damages calculation for Plaintiffs Lopez-Reyes and Estrada as well as Opt-In Plaintiffs Herrera and Veliz-Veliz; and an estimated damages calculation for Quinonez-Nunez and Quinones, research, mediation, and the drafting of the present settlement agreement.  Defendants have agreed that this amount be awarded to counsel for Plaintiffs.  (Doc. 55 at 12-13).  Defendants' counsel does not dispute that Plaintiffs' counsel's hourly rate of $375.00 per hour is reasonable.  (*Id.* at 13).  Defendants agreed to pay this amount in light of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiffs and to avoid costs and delay associated with continued litigation and fee petition.  (*Id.*).